UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-25241-BB

GOVERNMENT EMPLOYEES
INSURANCE CO., *et al.*,

     Plaintiffs,

v.

MILLENIUM MEDICAL GROUP,
CORP.; *et al.*,

     Defendants.

_____/

**DEFENDANTS SPINE & SPORT REHAB, INC. AND
GIOVANNI RODRIGUEZ' UNOPPOSED EMERGENCY MOTION FOR
RECONSIDERATION OF THE COURT'S ORDER DENYING UNOPPOSED MOTION
FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT**

Defendants, Spine & Sport Rehab, Inc., and Giovanni Rodriguez (collectively, "Defendants"), by and through undersigned counsel, and pursuant to Fed.R.Civ.P. 54(b) and Local Rule 7.1, hereby respectfully move this Court, on an emergency basis pursuant to L.R. 7.1(d)(1), for reconsideration of the Court's December 19, 2025, Order Denying Defendants' Unopposed Motion for Extension of Time to Respond to the Complaint (DE30) or, alternatively, for a reasoned decision on Defendants' Unopposed Motion for Extension of Time (DE29). Defendants respectfully request a decision on this Motion by December 22, 2025, in light of the current deadline for Defendants to respond on or before December 23, 2025.

I.      **Legal Standard**

Under Federal Rule of Civil Procedure 54(b), a district court may reconsider a non-

1

final, interlocutory order "at any time prior to the entry of final judgment." *Covenant Christian Ministries, Inc. v. City of Marietta*, 654 F.3d 1231, 1242 (11th Cir. 2011). A motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Farmworker Ass'n of Florida*, *Inc. v. Uthmeier,* 792 F. Supp. 3d 1306, 1325 (S.D. Fla. 2025) (citation omitted).

Legitimate grounds for motions for reconsideration include the "need to correct a clear error of law or prevent manifest injustice," § 9:94. *Motion for reconsideration, generally,* 3 Motions in Federal Court § 9:94 (3d ed.), as well as "data that the court [may have] overlooked." *United States v. Zarabozo,* No. 07CR20839-PCH, 2008 WL 5062463, at *1 (S.D. Fla. Nov. 26, 2008) (emphasis omitted).

## **ARGUMENT**

### I.   **Good Cause Exists to Reconsider the Order Denying Defendants' Unopposed Motion.**

Given that the Court did not issue a reasoned decision, it is unclear whether it considered the fact that Defendants' Motion was unopposed and, thus, no prejudice would result to Plaintiffs from granting the Motion.

Extensions of time are measured against "good cause." Fed. R. Civ. P. 6(b)(1). "This is not a strict standard. It is meant to accommodate all types of circumstances." *Craig v. Target Corp.*, No. 2:23-CV-599-JLB-KCD, 2023 WL 11257275, at *1 (M.D. Fla. Dec. 4, 2023) (citing *Gillio v. US Bank NA*, No. 6:12-CV-1548-ORL-36-TBS, 2013 WL 12387342, at *1 (M.D. Fla. July 1, 2013) (noting that "[t]he Court routinely grants extensions when they are sought in good faith; do not prejudice a party; are not likely to create future case management problems; the Court will still have sufficient time to decide dispositive motions; and the

2

extension will not impact the trial date.")).

In *Craig,* the Court noted that a request for 60-day extension of time "to digest, review, and respond to the nearly 80 pages of new allegations [in an amended complaint] so [that defendants] can jointly answer or otherwise respond to the Amended Complaint on a consolidated basis" would be acceptable when opposing counsel does not "squabbl[e] about" such a request. *Id.,* at \*1. Here, unlike in *Craig*, opposing counsel did not squabble about Defendants' request, nor does this case involve an amended complaint in an action in which defendants have previously responded.[1] *See also, cf., Am. Veteran Enter. Team, LLC v. Silver Falcon, Inc.,* No. 6:21-CV-647-CEM-EJK, 2022 WL 1212163, at \*1 (M.D. Fla. Feb. 7, 2022) (where a motion is "unopposed, the Court presumes that [the non-moving party/ies] will not suffer any legal prejudice").

"A district court abuses its discretion when a relevant factor deserving a significant weight is overlooked, or when an improper factor deserving of significant weight is overlooked." *Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D. Fla. 1994). Given that (i) Defendants' Unopposed Motion was brought in good faith; (ii) no prejudice results to Plaintiffs; and the (iii) case is in its early stages, each of the factors favoring extensions of time, as stated in *Gillio, supra,* is satisfied.

Not permitting Defendants adequate time to research and fully respond to the claims raised in Plaintiffs' 94-page Complaint would be highly prejudicial to Defendants, and it is respectfully submitted that that prejudice would outweigh any concerns the Court might have had in summarily denying Defendants' Motion—none of which legitimately apply to

---

[1] *See*, M.D. Fla. Case No. 23-cv-599, DE37.

Plaintiffs, who do not oppose the relief Defendants sought. Reconsideration is thus warranted to "prevent manifest injustice." § 9:94. *Motion for reconsideration, generally,* 3 Motions in Federal Court § 9:94 (3d ed.).

## II.    Alternative Request for a Reasoned Decision

Should the Court be inclined to deny this Motion, Defendants respectfully request that the Court disclose the reason(s) for its denial of the Unopposed Motion for Extension of Time. In the event the Motion was denied based on a curable defect, Defendants would promptly attempt to cure the defect(s).

## L.R. 7.1(d)(1) Certificate

After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

## L.R. 7.1(a)(3) Certificate

Counsel for Plaintiffs represented that Plaintiffs do not oppose the relief requested herein.

## CONCLUSION

Wherefore, Defendants, Spine & Sport Rehab, Inc. and Giovanni Rodriguez respectfully request that the Court reconsider its Order Denying Motion for an Extension of Time to and including January 13, 2026, to respond to the Complaint or, alternatively, provide the reason(s) for the denial of the Unopposed Motion for Extension of Time.

2

Dated: December 19, 2025

Respectfully Submitted,

**GUSTAVO D. LAGE, ESQ.**
**SANCHEZ-MEDINA,**
**GONZALEZ, QUESADA, LAGE,**
**GOMEZ, & MACHADO, LLP**
201 Alhambra Cir, Suite 1205
Coral Gables, FL 33134
Tel.: (305) 377-1000
glage@smgqlaw.com


By: _s/Gustavo D. Lage_

**GUSTAVO D. LAGE, ESQ.**
*Counsel for Claimant-Appellant*

2

## CERTIFICATE OF SERVICE

I hereby certify that, on December 19, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:  *s/Gustavo D. Lage*
     **GUSTAVO D. LAGE**