**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.: 1:25-cv-25241-BB**

GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY, and GEICO CASUALTY CO.,

Plaintiffs,
-v-

MILLENIUM MEDICAL GROUP, CORP.,
DAMARYS SUAREZ a/k/a DAMARYS QUIRIELLO,
MICHEL BORMEY GARCIA, M.D.,
SPINE & SPORT REHAB, INC., GIOVANNI RODRIGUEZ,
ROY CHRISTY MUSOFF, M.D., VIDA MEDICAL REHAB
CORP., PEDRO HERRERA VILLAFRANCA, L.M.T.,
NESTOR FERNANDEZ, M.D., ACE MEDICAL &
REHAB CENTER INC., YANIRMA TOLEDO,
LENSKY J. HERNANDEZ SANTIAGO, L.M.T.,
and NORINE DEL CARMEN ROSADO, M.D.,

Defendants.

_____/

### DEFENDANTS SPINE & SPORT REHAB, INC. AND GIOVANNI RODRIGUEZ'S ANSWER AND AFFIRMATIVE DEFENSES

COME NOW, Defendants, SPINE & SPORT REHAB, INC. ("Spine & Sport") and

GIOVANNI RODRIGUEZ ("Mr. Rodriguez," and collectively with Spine & Sport, the

"Defendants"), by and through undersigned counsel, and pursuant to Rules 8 and 12 of the Federal

Rules of Civil Procedure, hereby answer Plaintiffs, GOVERNMENT EMPLOYEES

INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY,

and GEICO CASUALTY CO.'s (collectively, "GEICO" or "Plaintiffs") Complaint, and set forth

their affirmative defenses, as follows:

1

## ANSWER

Unless otherwise stated, the paragraphs below correspond to the same paragraphs as numbered in Plaintiffs' Complaint. Defendants deny all allegations in Plaintiffs' Complaint that are not specifically admitted or denied herein and demand strict proof thereof.

1.      Defendants admit only that GEICO has brought a lawsuit through which it seeks to recover more than $1,345,000.00. Defendants deny all other allegations contained in Paragraph 1 of the Complaint.

2.      Defendants admit only that GEICO is seeking declaratory relief in this action. Defendants deny all other allegations contained in Paragraph 2 of the Complaint.

3.      Defendants deny all allegations contained in Paragraph 3 of the Complaint, and in its subparts (i) – (vi).

4.      Paragraph 4 of the Complaint is a legal conclusion to which no response is required. Notwithstanding, Defendants deny the allegations in Paragraph 4.

5.      Defendants admit only that there were charts annexed to the Complaint as Exhibits "1" – "4," but deny all other allegations contained in Paragraph 5 of the Complaint.

6.      Denied.

## PARTIES

**I.      Plaintiffs**

7.      Defendants lack sufficient knowledge as to the allegations contained in Paragraph 7 of the Complaint and therefore deny these allegations and demand strict proof thereof.

**II.      Defendants**

8.      Defendants lack sufficient knowledge as to the allegations contained in Paragraph 8 of the Complaint and therefore deny these allegations and demand strict proof thereof.

9. Defendants only admit that Spine & Sport is a Florida corporation with its principal place of business in West Palm Beach, Florida, that was incorporated in May 2020. All remaining allegations in Paragraph 9 of the Complaint are denied.

10. The Defendants only admit that Defendant Rodriguez resides in and is a citizen of Florida and is the owner of Spine & Sport All remaining allegations in Paragraph 10 of the Complaint are denied.

11. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 11 of the Complaint and therefore deny these allegations and demand strict proof thereof.

12. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 12 of the Complaint and therefore deny these allegations and demand strict proof thereof.

13. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 13 of the Complaint and therefore deny these allegations and demand strict proof thereof.

14. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 14 of the Complaint and therefore deny these allegations and demand strict proof thereof.

15. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 15 of the Complaint and therefore deny these allegations and demand strict proof thereof.

16. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 16 of the Complaint and therefore deny these allegations and demand strict proof thereof.

17. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 17 of the Complaint and therefore deny these allegations and demand strict proof thereof.

18. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 18 of the Complaint and therefore deny these allegations and demand strict proof thereof.

19. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 19 of

the Complaint and therefore deny these allegations and demand strict proof thereof.

20.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 20 of the Complaint and therefore deny these allegations and demand strict proof thereof.

21.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 21 of the Complaint and therefore deny these allegations and demand strict proof thereof.

## JURISDICTION AND VENUE

22.     Defendants admit the Court has jurisdiction over this action, but deny all other allegations contained in Paragraph 22 of the Complaint.

23.     Paragraph 23 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23.

24.     Paragraph 24 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 24.

25.     Defendants admit the Court is the proper venue for this action, but deny all other allegations contained in Paragraph 25 of the Complaint.

## ALLEGATIONS

I.     **Overview of the Pertinent Laws Governing No-Fault Insurance Reimbursement**

26.     Paragraph 26 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 26.

27.     Paragraph 27 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28.     Paragraph 28 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 28.

29.     Paragraph 29 of the Complaint is a legal conclusion to which no response is required. To

the extent a response is required, Defendants deny the allegations in Paragraph 29.

30.     Paragraph 30 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 30.

31.     Paragraph 31 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 31.

32.     Paragraph 32 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 32.

33.     Paragraph 33 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 33.

34.     Paragraph 34 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 34.

35.     Paragraph 35 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 35.

36.     Paragraph 36 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 36.

37.     Paragraph 37 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 37.

38.     Paragraph 38 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 38.

39.     Paragraph 39 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 39.

40.     Paragraph 40 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 40.

41.     Paragraph 41 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 41.

42.     Paragraph 42 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 42.

43.     Paragraph 43 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 43.

44.     Paragraph 44 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 44.

45.     Paragraph 45 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 45.

46.     Paragraph 46 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 46.

47.     Paragraph 47 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 47.

48.     Paragraph 48 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 48.

49.     Paragraph 49 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 49.

50.     Paragraph 50 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 50.

51.     Paragraph 51 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 51.

52.     Paragraph 52 of the Complaint is a legal conclusion to which no response is required. To

the extent a response is required, Defendants deny the allegations in Paragraph 52.

53.     Paragraph 53 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 53.

**II.      The Defendants' Fraudulent and Unlawful Schemes**

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

**A.  The Unlawful Operation of the Clinic Defendants in Violation of the Clinic Act**

61.     Denied.

62.     Denied.

63.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 63 of the Complaint and therefore deny these allegations and demand strict proof thereof.

64.     Denied.

65.     Denied.

66.     Denied

67.     Denied.

68.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 68 of the Complaint and therefore deny these allegations and demand strict proof thereof.

69.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 69 of

the Complaint and therefore deny these allegations and demand strict proof thereof.

70.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 70 of

the Complaint and therefore deny these allegations and demand strict proof thereof.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 74 of

the Complaint and therefore deny these allegations and demand strict proof thereof.

75.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 75 of

the Complaint and therefore deny these allegations and demand strict proof thereof.

76.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 76 of

the Complaint and therefore deny these allegations and demand strict proof thereof.

77.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 77 of

the Complaint and therefore deny these allegations and demand strict proof thereof.

78.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 78 of

the Complaint and therefore deny these allegations and demand strict proof thereof.

79.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 79 of

the Complaint and therefore deny these allegations and demand strict proof thereof.

80.     Denied

81.     Denied.

82.     Denied.

83.     Denied.

84.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 84 of

the Complaint and therefore deny these allegations and demand strict proof thereof.

85.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 85 of the Complaint and therefore deny these allegations and demand strict proof thereof.

86.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 86 of the Complaint and therefore deny these allegations and demand strict proof thereof.

87.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 87 of the Complaint and therefore deny these allegations and demand strict proof thereof.

88.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 88 of the Complaint and therefore deny these allegations and demand strict proof thereof.

89.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 89 of the Complaint and therefore deny these allegations and demand strict proof thereof.

90.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 90 of the Complaint and therefore deny these allegations and demand strict proof thereof.

91.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 91 of the Complaint and therefore deny these allegations and demand strict proof thereof.

92.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 92 of the Complaint and therefore deny these allegations and demand strict proof thereof.

93.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 93 of the Complaint and therefore deny these allegations and demand strict proof thereof.

94.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 94 of the Complaint and therefore deny these allegations and demand strict proof thereof.

95.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 95 of the Complaint and therefore deny these allegations and demand strict proof thereof.

**B. The Fraudulent and Unlawful Charges for Initial Examinations at Spine & Sport and Ace Medical**

96.     Denied.

97.     Denied.

98.     Defendants lack sufficient knowledge as to the allegations contained in Paragraph 98 of the Complaint and therefore deny these allegations and demand strict proof thereof.

99.     Denied.

100.    Denied.

101.    Denied.

**1.      Misrepresentations Regarding the Severity of the Insureds' Presenting Problems**

102.    Paragraph 102 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 102.

103.    Paragraph 103 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 103.

104.    The CPT Assistant speaks for itself, and Defendants deny any allegations in Paragraph 104 that are inconsistent therewith. To the extent a response is required, Defendants deny that the clinical examples cited are exhaustive or representative of the circumstances warranting the use of CPT code 99203.

105.    Defendants deny the allegations contained in Paragraph 105 of the Complaint. The characterization of the CPT Assistant set forth therein is incomplete, misleading, and reflects Plaintiffs' self-serving interpretation of billing guidelines rather than an accurate statement of applicable coding standards.

106.    Defendants deny the allegations contained in Paragraph 106 of the Complaint. The characterization of the CPT Assistant set forth therein is incomplete, misleading, and reflects

Plaintiffs' self-serving interpretation of billing guidelines rather than an accurate statement of applicable coding standards.

107.     Defendants deny the allegations in Paragraph 107. Defendants deny that the insureds lacked presenting problems or that such problems were of minimal severity, and further deny Plaintiffs' characterization of the underlying accidents as "typically minor"

108.     Denied.

109.     Denied.

110.     Defendants deny the allegations in paragraph 110. Police reports are not medical records, and the observations of law enforcement officers at an accident scene do not constitute medical diagnoses. The drivability of a vehicle following an accident is not determinative as to whether its occupants sustained injuries warranting medical treatment.

111.     Denied.

112.     Denied.

113.     Denied.

114.     Denied.

115.     Denied.

**2.     Misrepresentations Regarding the Amount of Time Spent on the Initial Examinations**

116.     Denied.

117.     The CPT Assistant speaks for itself, and Defendants deny any allegations in Paragraph 117 inconsistent therewith.

118.     The CPT Assistant speaks for itself, and Defendants deny any allegations in Paragraph 118 inconsistent therewith.

119.     Denied

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

**3.      Misrepresentations Regarding the Extent of the Medical Decision-Making During the Initial Examinations**

124.    The CPT Assistant speaks for itself, and Defendants deny any allegations in Paragraph 124 inconsistent therewith.

125.    The CPT Assistant speaks for itself, and Defendants deny any allegations in Paragraph 125 inconsistent therewith.

126.    The CPT Assistant speaks for itself, and Defendants deny any allegations in Paragraph 126 inconsistent therewith.

127.    The CPT Assistant speaks for itself, and Defendants deny any allegations in Paragraph 127 inconsistent therewith.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Defendants lack sufficient knowledge as to the allegations contained in Paragraph 145 of the Complaint and therefore deny these allegations and demand strict proof thereof.

146.    Defendants lack sufficient knowledge as to the allegations contained in Paragraph 146 of the Complaint and therefore deny these allegations and demand strict proof thereof.

147.    Denied.

**C. The Fraudulent and Unlawful Charges for Follow-Up Examinations at Spine & Sport  and Ace Medical**

148.    Denied.

149.    Denied.

150.    Defendants lack sufficient knowledge as to the allegations contained in Paragraph 150 of the Complaint and therefore deny these allegations and demand strict proof thereof.

151.    Denied.

152.    Denied.

153.    Denied.

**1.    Misrepresentations Regarding the Severity of the Insureds' Presenting Problems**

154.    The CPT Assistant speaks for itself, and Defendants deny any allegations in Paragraph 154

13

inconsistent therewith.

155. The CPT Assistant speaks for itself, and Defendants deny any allegations in Paragraph 155 inconsistent therewith.

156. The CPT Assistant speaks for itself, and Defendants deny any allegations in Paragraph 156 inconsistent therewith.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied

162. Denied.

163. Denied.

**2. Misrepresentations Regarding the Nature, Extent, and Results of the Follow-Up Examinations**

164. Denied

165. Denied

166. Denied.

167. Denied.

**D. The Defendants' Fraudulent and Unlawful Charges for "Physical Therapy" Services**

168. Denied.

169. The CPT Assistant speaks for itself, and Defendants deny any allegations in Paragraph 169 inconsistent therewith.

170. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 170 of

the Complaint and therefore deny these allegations and demand strict proof thereof.

171.    Defendants lack sufficient knowledge as to the allegations contained in Paragraph 171 of the Complaint and therefore deny these allegations and demand strict proof thereof.

172.    Defendants lack sufficient knowledge as to the allegations contained in Paragraph 172 of the Complaint and therefore deny these allegations and demand strict proof thereof.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Defendants lack sufficient knowledge as to the allegations contained in Paragraph 177 of the Complaint and therefore deny these allegations and demand strict proof thereof.

178.    Defendants lack sufficient knowledge as to the allegations contained in Paragraph 178 of the Complaint and therefore deny these allegations and demand strict proof thereof.

179.    Denied.

180.    Defendants lack sufficient knowledge as to the allegations contained in Paragraph 180 of the Complaint and therefore deny these allegations and demand strict proof thereof.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Defendants lack sufficient knowledge as to the allegations contained in Paragraph 188 of

the Complaint and therefore deny these allegations and demand strict proof thereof.

189. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 189 of the Complaint and therefore deny these allegations and demand strict proof thereof.

190. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 190 of the Complaint and therefore deny these allegations and demand strict proof thereof.

191. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 191 of the Complaint and therefore deny these allegations and demand strict proof thereof.

192. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 192 of the Complaint and therefore deny these allegations and demand strict proof thereof.

193. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 193 of the Complaint and therefore deny these allegations and demand strict proof thereof.

**E. The Fraudulent and Unlawful Charges for PENS Treatments at Ace Medical**

194. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 194 of the Complaint and therefore deny these allegations and demand strict proof thereof.

195. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 195 of the Complaint and therefore deny these allegations and demand strict proof thereof.

196. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 196 of the Complaint and therefore deny these allegations and demand strict proof thereof.

197. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 197 of the Complaint and therefore deny these allegations and demand strict proof thereof.

198. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 198 of the Complaint and therefore deny these allegations and demand strict proof thereof.

199. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 199 of

the Complaint and therefore deny these allegations and demand strict proof thereof.

200. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 200 of the Complaint and therefore deny these allegations and demand strict proof thereof.

201. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 201 of the Complaint and therefore deny these allegations and demand strict proof thereof.

202. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 202 of the Complaint and therefore deny these allegations and demand strict proof thereof.

203. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 203 of the Complaint and therefore deny these allegations and demand strict proof thereof.

204. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 204 of the Complaint and therefore deny these allegations and demand strict proof thereof.

205. Defendants lack sufficient knowledge as to the allegations contained in Paragraph 205 of the Complaint and therefore deny these allegations and demand strict proof thereof.

**F. The Defendants' Violations of the False and Fraudulent Insurance Claims Statute**

206. Denied.

207. Denied,

208. Denied.

209. Denied.

**III.**     **The Fraudulent Claims the Defendants Submitted to GEICO**

210. Denied.

211. Denied.

**IV.**     **The Defendants' Fraudulent Concealment and GEICO's Justifiable Reliance**

212. Denied as phrased.

213.   Denied.

214.   Denied.

215.   Denied.

216.   Denied.

217.   Denied.

218.   Denied.

## FIRST CAUSE OF ACTION
### Against Spine & Sport
### (Declaratory Judgment – 28 U.S.C. §§ 2201 and 2202)

219.   Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

220.   Denied.

221.   Denied.

222.   Denied.

223.   Denied.

224.   Denied.

225.   Denied

226.   Denied

## SECOND CAUSE OF ACTION
### Against Rodriguez
### (Violation of RICO – 18 U.S.C. § 1962(c))

227.   Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

228.   Denied.

229.   Denied.

18

230.    Denied.

231.    Denied.

232.    Denied.

233.    Denied.

234.    Denied.

## THIRD CAUSE OF ACTION
### Against Rodriguez, Rosado, and Musoff
### (Violation of RICO – 18 U.S.C. § 1962(d))

235.    Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

236.    Denied.

237.    Denied.

238.    Denied.

239.    Denied.

240.    Denied.

241.    Denied.

242.    Denied.

## FOURTH CAUSE OF ACTION
### Against Spine & Sport, Rodriguez, Rosado, and Musoff
### (Under Fla. Stat. §§ 501.201 et seq.)

243.    Defendants incorporates, as though fully set forth herein, each and every allegation in paragraphs 1-218, above.

244.    Denied.

245.    Denied.

246.    Denied

19

247.    Denied.

248.    Denied.

249.    Denied.

250.    Denied.

251.    Denied.

## FIFTH CAUSE OF ACTION
### Against Spine & Sport, Rodriguez, Rosado, and Musoff
### (Common Law Fraud)

252.    Defendants incorporates, as though fully set forth herein, each and every allegation in paragraphs 1-218, above.

253.    Denied.

254.    Denied.

255.    Denied.

256.    Denied.

257.    Denied.

258.    Denied.

## SIXTH CAUSE OF ACTION
### Against Spine & Sport, Rodriguez, Rosado, and Musoff
### (Unjust Enrichment)

259.    Defendants incorporate, as though fully set forth herein, each and every allegation in paragraphs 1-218, above.

260.    Denied.

261.    Denied.

262.    Denied.

263.    Denied

264.    Denied.

## SEVENTH CAUSE OF ACTION
### Against Millenium Medical
### (Declaratory Judgment – 28 U.S.C. §§ 2201 and 2202)

265.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

266.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 266 of the Complaint and therefore deny these allegations and demand strict proof thereof.

267.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 267 of the Complaint and therefore deny these allegations and demand strict proof thereof.

268.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 268 of the Complaint and therefore deny these allegations and demand strict proof thereof.

269.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 269 of the Complaint and therefore deny these allegations and demand strict proof thereof.

270. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 270 of the Complaint and therefore deny these allegations and demand strict proof thereof.

271. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 271 of the Complaint and therefore deny these allegations and demand strict proof thereof.

272. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 272 of the Complaint and therefore deny these allegations and demand strict proof thereof.

## EIGHTH CAUSE OF ACTION
### Against Suarez
### (Violation of RICO – 18 U.S.C. § 1962(c))

273. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

274. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 274 of the Complaint and therefore deny these allegations and demand strict proof thereof.

275. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus

no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 275 of the Complaint and therefore deny these allegations and demand strict proof thereof.

276. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 276 of the Complaint and therefore deny these allegations and demand strict proof thereof.

277. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 277 of the Complaint and therefore deny these allegations and demand strict proof thereof.

278. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 278 of the Complaint and therefore deny these allegations and demand strict proof thereof.

279. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 279 of the Complaint and therefore deny these allegations and demand strict proof thereof.

280. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 280 of the Complaint and therefore deny these allegations and demand strict proof thereof.

**NINTH CAUSE OF ACTION**
**Against Suarez, Garcia, and Rosado**
**(Violation of RICO – 18 U.S.C. § 1962(d))**

281.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

282.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 282 of the Complaint and therefore deny these allegations and demand strict proof thereof.

283.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 283 of the Complaint and therefore deny these allegations and demand strict proof thereof.

284.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 284 of the Complaint and therefore deny these allegations and demand strict proof thereof.

285.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 285 of the Complaint and therefore deny these allegations and demand strict proof thereof.

286.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus

no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 286 of the Complaint and therefore deny these allegations and demand strict proof thereof.

287.   This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 287 of the Complaint and therefore deny these allegations and demand strict proof thereof.

288.   This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 288 of the Complaint and therefore deny these allegations and demand strict proof thereof.

### TENTH CAUSE OF ACTION
**Against Millenium Medical, Suarez, Garcia, and Rosado**
**(Under Fla. Stat. §§ 501.201 et seq.)**

289.   This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

290.   This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 290 of the Complaint and therefore deny these allegations and demand strict proof thereof.

291.   This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack

sufficient knowledge as to the allegations contained in Paragraph 291 of the Complaint and therefore deny these allegations and demand strict proof thereof.

292. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 292 of the Complaint and therefore deny these allegations and demand strict proof thereof.

293. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 293 of the Complaint and therefore deny these allegations and demand strict proof thereof.

294. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 294 of the Complaint and therefore deny these allegations and demand strict proof thereof.

295. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 295 of the Complaint and therefore deny these allegations and demand strict proof thereof.

296. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 296 of the Complaint and therefore deny these allegations and demand strict proof thereof.

297. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus

no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 297 of the Complaint and therefore deny these allegations and demand strict proof thereof.

**ELEVENTH CAUSE OF ACTION**
**Against Millenium Medical, Suarez, Garcia, and Rosado**
**(Common Law Fraud)**

298.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

299.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 299 of the Complaint and therefore deny these allegations and demand strict proof thereof.

300.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 300 of the Complaint and therefore deny these allegations and demand strict proof thereof.

301.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 301 of the Complaint and therefore deny these allegations and demand strict proof thereof.

302.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack

sufficient knowledge as to the allegations contained in Paragraph 302 of the Complaint and therefore deny these allegations and demand strict proof thereof.

303.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 303 of the Complaint and therefore deny these allegations and demand strict proof thereof.

304.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 304 of the Complaint and therefore deny these allegations and demand strict proof thereof.

## TWELFTH CAUSE OF ACTION
### Against Millenium Medical, Suarez, Garcia, and Rosado
### (Unjust Enrichment)

305.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

306.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 306 of the Complaint and therefore deny these allegations and demand strict proof thereof.

307.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 307 of the Complaint and

therefore deny these allegations and demand strict proof thereof.

308.   This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 308 of the Complaint and therefore deny these allegations and demand strict proof thereof.

309.   This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 309 of the Complaint and therefore deny these allegations and demand strict proof thereof.

310.   This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 310 of the Complaint and therefore deny these allegations and demand strict proof thereof.

## THIRTEENTH CAUSE OF ACTION
### Against Vida Medical
### (Declaratory Judgment – 28 U.S.C §§ 2201 and 2202)

311.   This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

312.   This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 312 of the Complaint and therefore deny these allegations and demand strict proof thereof.

313.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 313 of the Complaint and therefore deny these allegations and demand strict proof thereof.

314.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 314 of the Complaint and therefore deny these allegations and demand strict proof thereof.

315.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 315 of the Complaint and therefore deny these allegations and demand strict proof thereof.

316.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 316 of the Complaint and therefore deny these allegations and demand strict proof thereof.

317.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 317 of the Complaint and therefore deny these allegations and demand strict proof thereof.

318.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 318 of the Complaint and

therefore deny these allegations and demand strict proof thereof.

### FOURTEENTH CAUSE OF ACTION
### Against Villafranca
### (Violation of RICO – 18 U.S.C § 1962 (c))

319.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

320.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 320 of the Complaint and therefore deny these allegations and demand strict proof thereof.

321.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 321 of the Complaint and therefore deny these allegations and demand strict proof thereof.

322.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 322 of the Complaint and therefore deny these allegations and demand strict proof thereof.

323.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 323 of the Complaint and therefore deny these allegations and demand strict proof thereof.

324. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 324 of the Complaint and therefore deny these allegations and demand strict proof thereof.

325. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 325 of the Complaint and therefore deny these allegations and demand strict proof thereof.

326. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 326 of the Complaint and therefore deny these allegations and demand strict proof thereof.

## FIFTEENTH CAUSE OF ACTION
### Against Villafranca, Fernandez, and Rosada
### (Violation of RICO – 18 U.S.C. § 1962 (d))

327. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

328. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 328 of the Complaint and therefore deny these allegations and demand strict proof thereof.

329. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus

no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 329 of the Complaint and therefore deny these allegations and demand strict proof thereof.

330.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 330 of the Complaint and therefore deny these allegations and demand strict proof thereof.

331.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 331 of the Complaint and therefore deny these allegations and demand strict proof thereof.

332.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 332 of the Complaint and therefore deny these allegations and demand strict proof thereof.

333.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 333 of the Complaint and therefore deny these allegations and demand strict proof thereof.

334.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 334 of the Complaint and therefore deny these allegations and demand strict proof thereof.

## SIXTEENTH CAUSE OF ACTION
### Against Vida Medical, Villafranca, Fernandez, and Rosado
### (Under Fla. Stat. §§ 501.201 et seq.)

335. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

336. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 336 of the Complaint and therefore deny these allegations and demand strict proof thereof.

337. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 337 of the Complaint and therefore deny these allegations and demand strict proof thereof.

338. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 338 of the Complaint and therefore deny these allegations and demand strict proof thereof.

339. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 339 of the Complaint and therefore deny these allegations and demand strict proof thereof.

340. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus

no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 340 of the Complaint and therefore deny these allegations and demand strict proof thereof.

341.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 341 of the Complaint and therefore deny these allegations and demand strict proof thereof.

342.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 342 of the Complaint and therefore deny these allegations and demand strict proof thereof.

343.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 343 of the Complaint and therefore deny these allegations and demand strict proof thereof.

## SEVENTEENTH CAUSE OF ACTION
### Against Vida Medical, Villafranca, Fernandez, and Rosado
### (Common Law Fraud)

344.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

345.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack

sufficient knowledge as to the allegations contained in Paragraph 345 of the Complaint and therefore deny these allegations and demand strict proof thereof.

346.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 346 of the Complaint and therefore deny these allegations and demand strict proof thereof.

347.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 347 of the Complaint and therefore deny these allegations and demand strict proof thereof.

348.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 348 of the Complaint and therefore deny these allegations and demand strict proof thereof.

349.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 349 of the Complaint and therefore deny these allegations and demand strict proof thereof.

350.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 350 of the Complaint and therefore deny these allegations and demand strict proof thereof.

## EIGHTEENTH CAUSE OF ACTION
### Against Vida Medical, Villafranca, Fernandez and Rosado
### (Unjust Enrichment)

351.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

352.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 352 of the Complaint and therefore deny these allegations and demand strict proof thereof.

353.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 353 of the Complaint and therefore deny these allegations and demand strict proof thereof.

354.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 354 of the Complaint and therefore deny these allegations and demand strict proof thereof.

355.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 355 of the Complaint and therefore deny these allegations and demand strict proof thereof.

356.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus

no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 356 of the Complaint and therefore deny these allegations and demand strict proof thereof.

## NINETEENTH CAUSE OF ACTION
### Against Ace Medical
### (Declaratory Judgment – 28 U.S.C. §§ 2201 and 2202)

357. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

358. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 358 of the Complaint and therefore deny these allegations and demand strict proof thereof.

359. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 359 of the Complaint and therefore deny these allegations and demand strict proof thereof.

360. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 360 of the Complaint and therefore deny these allegations and demand strict proof thereof.

361. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack

sufficient knowledge as to the allegations contained in Paragraph 361 of the Complaint and therefore deny these allegations and demand strict proof thereof.

362.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 362 of the Complaint and therefore deny these allegations and demand strict proof thereof.

363.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 363 of the Complaint and therefore deny these allegations and demand strict proof thereof.

364.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 364 of the Complaint and therefore deny these allegations and demand strict proof thereof.

**TWENTIETH CAUSE OF ACTION**
**Against Toledo and Santiago**
**(Violation Of Rico – 18 U.S.C § 1962(c))**

365.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

366.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 366 of the Complaint and

39

therefore deny these allegations and demand strict proof thereof.

367. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 367 of the Complaint and therefore deny these allegations and demand strict proof thereof.

368. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 368 of the Complaint and therefore deny these allegations and demand strict proof thereof.

369. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 369 of the Complaint and therefore deny these allegations and demand strict proof thereof.

370. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 370 of the Complaint and therefore deny these allegations and demand strict proof thereof.

371. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 371 of the Complaint and therefore deny these allegations and demand strict proof thereof.

372. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack

sufficient knowledge as to the allegations contained in Paragraph 372 of the Complaint and therefore deny these allegations and demand strict proof thereof.

**TWENTY-FIRST CAUSE OF ACTION**
**Against Toledo, Santiago, and Rosado**
**(Violation of RICO – 18 U.S.C. § 1962(d))**

373.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

374.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 374 of the Complaint and therefore deny these allegations and demand strict proof thereof.

375.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 375 of the Complaint and therefore deny these allegations and demand strict proof thereof.

376.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 376 of the Complaint and therefore deny these allegations and demand strict proof thereof.

377.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 377 of the Complaint and

41

therefore deny these allegations and demand strict proof thereof.

378.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 378 of the Complaint and therefore deny these allegations and demand strict proof thereof.

379.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 379 of the Complaint and therefore deny these allegations and demand strict proof thereof.

380.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 380 of the Complaint and therefore deny these allegations and demand strict proof thereof.

### TWENTY-SECOND CAUSE OF ACTION
**Against Ace Medical, Toledo, Santiago, and Rosado**
**(Under Fla. Stat. §§ 501.201 et seq.)**

381.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

382.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 382 of the Complaint and therefore deny these allegations and demand strict proof thereof.

383.   This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 383 of the Complaint and therefore deny these allegations and demand strict proof thereof.

384.   This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 384 of the Complaint and therefore deny these allegations and demand strict proof thereof.

385.   This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 385 of the Complaint and therefore deny these allegations and demand strict proof thereof.

386.   This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 386 of the Complaint and therefore deny these allegations and demand strict proof thereof.

387.   This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 387 of the Complaint and therefore deny these allegations and demand strict proof thereof.

388.   This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 388 of the Complaint and

therefore deny these allegations and demand strict proof thereof.

389.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 389 of the Complaint and therefore deny these allegations and demand strict proof thereof.

## TWENTY-THIRD CAUSE OF ACTION
### Against Ace Medical, Toledo, Santiago, and Rosado
### (Common Law Fraud)

390.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

391.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 391 of the Complaint and therefore deny these allegations and demand strict proof thereof.

392.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 392 of the Complaint and therefore deny these allegations and demand strict proof thereof.

393.     This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 393 of the Complaint and therefore deny these allegations and demand strict proof thereof.

394. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 394 of the Complaint and therefore deny these allegations and demand strict proof thereof.

395. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 395 of the Complaint and therefore deny these allegations and demand strict proof thereof.

396. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 396 of the Complaint and therefore deny these allegations and demand strict proof thereof.

## TWENTY-FOURTH CAUSE OF ACTION
### Against Ace Medical, Toledo, Santiago, and Rosado
### (Unjust Enrichment)

397. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants incorporate, as though fully set forth herein, each and every response to the allegations in Paragraphs 1 – 218, above.

398. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 398 of the Complaint and therefore deny these allegations and demand strict proof thereof.

399. This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus

no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 399 of the Complaint and therefore deny these allegations and demand strict proof thereof.

400.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 400 of the Complaint and therefore deny these allegations and demand strict proof thereof.

401.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 401 of the Complaint and therefore deny these allegations and demand strict proof thereof.

402.    This Count is not directed at Defendants, Spine & Sport or Giovanni Rodriguez, and thus no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge as to the allegations contained in Paragraph 402 of the Complaint and therefore deny these allegations and demand strict proof thereof.

## JURY DEMAND

Defendants request a trial by jury on all issues triable

## PRAYER FOR RELIEF.

Defendants seek a judgment of dismissal with prejudice and an award of their reasonable attorneys' fees and costs, and specifically deny that GEICO is entitled to the relief sought in the Wherefore clause in the Complaint.

## AFFIRMATIVE DEFENSES

Without regard for which party bears the burden of proof, and without waiving their right to require Plaintiffs to prove each and every element of each claim asserted in their Complaint, the Defendants assert the following affirmative defenses, and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of the investigation, discovery, or preparation for trial, it becomes appropriate. By designating these matters as "defenses," the Defendant does not suggest either that Plaintiffs does not bear the burden of proof as to such matters or that such matters are not elements that Plaintiffs must establish in order to make out a *prima facie* case against the Defendants.

1.      As to all causes of action, Plaintiffs failed to plead with sufficient specificity required by Rule 9(b). Moreover, Plaintiffs failed to state a claim upon which relief can be granted

2.      Plaintiffs' claims are barred by the statute of limitations to the extent that Plaintiffs knew, or should have known, of the alleged activities more than four (4) years prior to the filing of their Complaint.

3.      Plaintiffs' claims are barred based on the doctrine of laches and failure to mitigate.

4.      Plaintiffs' claims are barred by the Equitable Estoppel doctrine. Specifically, Plaintiffs continued to provide services and paid bills that are subject to this litigation. As such, the Plaintiffs should be estopped from refusing to pay pending PIP claims or invoices.

5.      As to the RICO claims, Plaintiffs failed to establish a pattern of racketeering activity because they failed to plead with the requisite particularity as it pertains to the counts against Defendant Rodriguez.

6.      Plaintiffs' claims are barred, in whole or in-part, due to their pattern or practice of bad faith

47

conduct in avoiding their obligation to pay PIP claims while having knowledge of all material facts alleged.

7.      Plaintiffs' claims are barred, in whole or in part, as they fail to identify any particular unfair or deceptive act as it pertains to Defendant Rodriguez.

8.      Plaintiffs' fraud count(s) are barred, in whole or in-part, because Plaintiff fails to establish that Defendant Rodriguez had the knowledge and intent to commit such fraud.

9.      Plaintiffs' alleged damages arise from their own claims-handling practices, payment decisions, and post-hoc efforts to recharacterize paid claims as fraudulent through litigation rather than through the regulatory mechanisms established by Florida law. Equity does not permit Plaintiffs to obtain relief under these circumstances. What is more, GEICO has engaged in a pattern and practice of bad faith conduct in avoiding its obligation to pay benefits under policies of insurance it has issued. Moreover, by continuing to pay on PIP claims submitted by Spine & Sport after having knowledge or access to knowledge of all material facts alleged in support of its claims in the instant action, GEICO participated in the furtherance of the conduct that forms the basis for its claims. Accordingly, the doctrines of *in pari delicto* and unclean hands bars GEICO's claims in this action.

10.      Any recovery awarded to Plaintiffs must be reduced by amounts properly paid, contractual offsets, policy limitations, deductibles, collateral source payments, and any benefits already received by Plaintiffs in connection with the claims at issue. Moreover, GEICO's claims are barred, or should be set off, by any amounts due and owing to Spine & Sport by virtue of unpaid and legitimate claims which GEICO has not yet paid.

11.      Plaintiffs' claims for monetary and equitable relief are barred by the doctrine of waiver. Plaintiffs voluntarily relinquished any right they may have otherwise had to monetary or equitable

relief because they paid the claims referenced in the Complaint even though they had all relevant information (or access to it) at the time of payment and the right to deny them. Specifically, Plaintiffs possessed the authority to toll payment and compel the production of information, the submission to examinations under oath, and the attendance at independent medical examinations to investigate these claims for fraud before issuance of payment, yet chose to pay them anyway. Plaintiffs' right (indeed, obligation) to timely and fully investigate each claim was obviously known to Plaintiffs and by making payments rather than utilizing these statutory tools to deny them in the first instance demonstrates their knowing intention to relinquish that right.

12.     Plaintiffs' claims are barred by the doctrine of ratification. Under Florida law, ratification precludes recovery where a party, possessing full knowledge of the material facts relating to a transaction—or possessing the means of knowledge and the duty to use it—affirmatively elects to adopt the transaction and accept its benefits. Here, regarding every claim identified in the Complaint, Plaintiffs possessed authority and specific means to ascertain the facts they now allege constitute fraud prior to issuing payment. These means include the right to compel examinations under oath, require independent medical examinations, demand extensive documentation, and toll payment obligations to conduct investigations. Despite having these means of knowledge readily at hand, Plaintiffs affirmatively elected to approve the claims and issue payments to Spine & Sport. By doing so, Plaintiffs intentionally adopted the validity of the services rendered and accepted the benefits of the transactions, including the satisfaction of their obligations to their insureds and the retention of premiums. Having made the affirmative business decision to pay these claims while

possessing the means to discover the alleged facts asserted in this litigation, Plaintiffs ratified the transactions and are precluded from rescinding that ratification to seek recoupment.

Respectfully Submitted,

SANCHEZ-MEDINA, GONZALEZ,
LAGE, GOMEZ & MACHADO LLP
201 Alhambra Circle, Suite 1205
Coral Gables, FL 33134
Telephone: (305) 377-1000
Telecopier: (855) 327-0391
Email: alopez@smgqlaw.com;
       glage@smgqlaw.com

By: _____/S/_____
      GUSTAVO D. LAGE, ESQ.
      Florida Bar No. 972551
      AUGUSTO R. LOPEZ, ESQ.
      Florida Bar No. 45410

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed and served to all counsel of record via CM/ECF this 22nd day of May 2026.

By: _____/S/_____
      GUSTAVO D. LAGE, ESQ.
      Florida Bar No. 972551
      AUGUSTO R. LOPEZ, ESQ.
      Florida Bar No. 45410